UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMES GRIGGS, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CREDIT ACCEPTANCE CORP., EXPERIAN )<br>INFORMATION SOLUTIONS, INC., and TRANS )<br>UNION LLC, )<br>)<br>Defendants. ) | Case No:<br><br>Judge |

## VERIFIED COMPLAINT

James Griggs, Jr. ("Plaintiff") brings this action against defendants Credit Acceptance Corp., ("Credit Acceptance"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union"), (collectively, "Defendants") as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendants for damages resulting from their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681 (a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

1

3. Consumer reporting agencies are to "[]adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

4. Plaintiff's Experian and Trans Union credit reports show that he has a derogatory auto loan with Credit Acceptance. That is an error. Plaintiff does not have an auto loan with Credit Acceptance. Plaintiff—a Junior—believes that Defendants are mixing his father's derogatory auto loan on Plaintiff's Experian and Trans Union credit reports. Plaintiff has contacted Credit Acceptance as many as 10 times, to no avail. Plaintiff has also sent disputes to Experian and Trans Union about the mixed file issue. But Defendants repeatedly fail to conduct reasonable investigations into the erroneous Credit Acceptance account.

5. Defendants' failure to conduct a reasonable investigation into the erroneous Credit Acceptance account has caused Plaintiff significant damage as Plaintiff is trying to obtain a home mortgage.

## JURISDICTION

6. Jurisdiction is proper under 28 U.S.C. § 1331, 15 U.S.C. § 1681p (FCRA) as this action arises under the laws of the United States.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiff resides in this district and a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

## PARTIES

8. Plaintiff—James Griggs, Jr.—is a natural person who resides in LaGrange County, Indiana.

9. Defendant Experian has its principal place of business located in Costa Mesa, California. Its registered agent is C T Corporation System, 334 North Senate Ave., Indianapolis, IN 46204.

10. Experian is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

11. Defendant Trans Union is an Illinois limited liability corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661. Its registered agent is The Prentice Hall Corporation System Inc., 135 North Pennsylvania St., Suite 1610, Indianapolis, IN 46204.

12. Trans Union is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

13. Defendant Credit Acceptance has its principal office in Southfield, Michigan. Credit Acceptance's registered agent is Corporation Service Co., located at 135 North Pennsylvania St., Suite 1610, Indianapolis, IN 46204.

14. Credit Acceptance is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. § 1681s-2(b).

15. Defendants regularly conduct business in Indiana.

## **FACTS**

16. Plaintiff has tried for nearly 2 years to correct the error of his father's derogatory auto loan reporting on his credit reports.

17. Third parties—most recently in an attempt to obtain a mortgage—have reviewed

Plaintiff's Experian and Trans Union credit reports to see an erroneous and derogatory Credit Acceptance account. Plaintiff believes that derogatory account belongs to his father.

18. Plaintiff has contacted Credit Acceptance—directly—at least 10 times to try to get Credit Acceptance to fix this error; to no avail.

19. Plaintiff disputed the Credit Acceptance account to Equifax Information Services LLC and Equifax responded by properly removing the erroneous account from Plaintiff's Equifax credit report.

20. Due to this error still reporting on Plaintiff's Experian and Trans Union credit reports, his Experian and Trans Union credit scores are about 90 points lower than Plaintiff's Equifax credit score.

21. In April 2021, Plaintiff disputed the erroneous Credit Acceptance Account to Trans Union via phone.

22. Upon information and belief, Trans Union forwarded Plaintiff's dispute to Credit Acceptance within the 5-day requirement of the FCRA.

23. But on April 30, 2021, Trans Union responded to Plaintiff that their investigation proved that the Credit Acceptance account belongs to Plaintiff.

24. Credit Acceptance and Trans Union failed to conduct reasonable investigations into Plaintiff's dispute as the Credit Acceptance account is not his.

25. Then in May 2021, Plaintiff sent a written dispute to both Experian and Trans Union stating that "CREDIT ACCEPTANCE CORP. Account # 80243627. $8,538 balance currently reporting. This is my father's account. I have disputed this multiple times and have talked to many people at this company but they refuse to remove it from my report. I am giving you one last chance to remove this account that doesn't belong to me before I consider taking

legal action."

26. Plaintiff has proof that Experian received his dispute letter on May 13 at 3:43 pm; tracking number from the USPS: 70201810000121389380.

27. Plaintiff has not received any responses from Experian or Trans Union in response to his May 2021 dispute letters. As a result, Plaintiff is not sure whether Experian or Trans Union sent the dispute letters to Credit Acceptance a 2nd or 3rd time.

28. Plaintiff has since accessed his Experian and Trans Union credit reports and the erroneous Credit Acceptance account is still reporting on both credit reports.

29. Third parties have several times accessed Plaintiff's Experian and Trans Union credit reports that contain the erroneous Credit Acceptance account; including most recently while trying to obtain a mortgage.

30. Despite Plaintiff's lawful requests for removal of the disputed items pursuant to the FCRA, Defendants failed to investigate Plaintiff's disputes and failed to remove the disputed, derogatory, misleading, and erroneous items from Plaintiff's credit reports.

31. Upon information and belief Defendants failed to evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make sufficient—if any—attempts to remove the disputed items within a reasonable time following Defendants' receipt of Plaintiff's disputes.

    **A.    Damages.**

32. The Defendants' actions have damaged Plaintiff financially. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

33. Plaintiff cannot move forward with a mortgage until the erroneous Credit Acceptance account is removed from the Experian and Trans Union credit reports as it is significantly lowering his credit score by approximately 90 points and preventing a mortgage qualification.

34. Plaintiff has suffered damages proximately caused by the conduct of Defendants, including:

   i. Emotional distress, damage to reputation, humiliation, guilt, stress, anxiety, frustration, mental pain, anguish, distress, and loss of focus and production;

   ii. Time and expense of pulling/reviewing credit reports;

   iii. Believing that the errors may continue to be reported inaccurately and misleadingly through no fault of Plaintiff's and have a chilling effect on Plaintiff's ability to obtain credit;

   iv. Adverse information on credit reports and a negative impact to credit rating;

   v. An inability to improve credit score during the dispute process;

   vi. Invasion of privacy;

   vii. Reputational harm as third-parties have seen the erroneous reporting;

   viii. A lower credit score; and

   ix. Having to hire attorneys to combat the improper credit reporting.

### Count I – Experian
### FCRA—Failure to reasonably reinvestigate

35. Plaintiff incorporates the paragraphs before Count I as though fully set forth herein.

36. Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in Plaintiff's Experian credit report, Experian must "conduct a reasonable

reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…"

37. Pursuant to 15 U.S.C. § 1681i(a)(4) Experian must "review and consider all relevant information submitted by the consumer" when Experian conducts any reinvestigation.

38. Experian failed to conduct a reasonable investigation of the information in Plaintiff's credit file as to the Credit Acceptance account after receiving actual notice of the inaccuracies, along with the detailed information provided by Plaintiff.

39. Experian failed to delete the Credit Acceptance account.

40. Experian failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

41. Experian's conduct, action, and inaction was willful, or, in the alternative, negligent.

42. Plaintiff suffered embarrassment, humiliation, and emotional distress because of Experian's conduct, action, and inaction.

## Count II – Trans Union
### FCRA—Failure to reasonably reinvestigate

43. Plaintiff incorporates the paragraphs before Count I as though fully set forth herein.

44. Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if a consumer disputes any item of information contained in Plaintiff's Trans Union credit report, Trans Union must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…"

45. Pursuant to 15 U.S.C. § 1681i(a)(4) Trans Union must "review and consider all relevant information submitted by the consumer" when Trans Union conducts any reinvestigation.

46. Trans Union failed to conduct a reasonable investigation of the information in Plaintiff's credit file as to the Credit Acceptance account after receiving actual notice of the inaccuracies, along with the detailed information provided by Plaintiff.

47. Trans Union failed to delete the Credit Acceptance account.

48. Trans Union failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

49. Trans Union's conduct, action, and inaction was willful, or, in the alternative, negligent.

50. Plaintiff suffered embarrassment, humiliation, and emotional distress because of Trans Union's conduct, action, and inaction.

### Count III – Credit Acceptance
### FCRA—Failure to investigate

51. Plaintiff incorporates the paragraphs before Count I above as though fully set forth herein.

52. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Credit Acceptance receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [Credit Acceptance] shall conduct an investigation with respect to the disputed information."

53. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Credit Acceptance receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a

person to a consumer reporting agency, [Credit Acceptance] shall review all relevant information provided by the consumer reporting agency…"

54. Credit Acceptance failed to fully and properly investigate Plaintiff's disputes relating to its reporting of Plaintiff's father's account on Plaintiff's credit reports.

55. Credit Acceptance failed to review all relevant information provided by the credit reporting agencies relating to Plaintiff's disputes.

56. Credit Acceptance 's conduct, action, and inaction was willful, or, in the alternative, negligent.

57. Plaintiff suffered embarrassment, humiliation, and emotional distress because of Credit Acceptance 's failure to fully and properly investigate Plaintiff's disputes.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against each Defendant jointly and severally;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction of the credit report errors; and
h. Such other relief as the Court deems equitable, just, and proper.

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Dated: June 28, 2021   /s/ James M. Smith

James M. Smith
Doherty Smith, LLC
9501 W. 144th Place, Suite 101
Orland Park, IL 60462
Tel: (312) 319-2879
Fax: (312) 319-4084

jsmith@dohertysmith.com

*Counsel for Plaintiff*

## VERIFICATION

Plaintiff James Griggs, Jr. declares as follows:

1. I am the Plaintiff in this Verified Complaint.

2. I reside in LaGrange County, Indiana.

3. I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4. I verify and affirm under penalty of perjury under the laws of the United States of America and the State of Indiana that the factual averments in this Verified Complaint concerning myself and my activities are true and correct pursuant to 28 U.S.C. § 1746.

Executed on: 6/28/2021

*James griggs*
ID j548gEKqGgRTq2RqZSvKRAvS

/s/ James Griggs, Jr., Plaintiff

## eSignature Details

**Signer ID:**       **j548gEKqGgRTq2RqZSvKRAvS**
Signed by:          James Griggs, Jr.
Sent to email:      jamesleegriggs@gmail.com
IP Address:         174.241.173.30
Signed at:          Jun 28 2021, 10:57 pm CDT