UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES GRIGGS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Cause No. 1:21-CV-00250-HAB |
| ) | |
| CREDIT ACCEPTANCE CORP., ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., and TRANS UNION ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff, James Griggs, Jr. (Griggs, Jr.) says that he and his father, James Griggs, Sr. (Griggs, Sr.), both bought 2001 GMC Sierras from the Lucky 7 Car Store on the same day and financed their purchases through Defendant Credit Acceptance Corp. (CAC). Griggs, Jr. asserts he paid his loan off, received the title and has since transferred the car. He was no doubt surprised, then, when a delinquent account from CAC showed up on his credit report. He figured it must belong to his father and contested it with the defendant credit bureaus and CAC. When those attempts failed, he filed suit asserting violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA). (Verified Am. Compl., ECF No. 19). Griggs, Jr. alleges that CAC violated the FCRA §1681s-2(b) by providing inaccurate information to credit reporting agencies and failing to conduct a reasonable investigation of the inaccuracies after Plaintiff disputed them. (*Id.* ¶¶s 67-75). He also sued credit reporting agencies Experian and Transunion for failing to investigate disputed information under 15 U.S.C. §1681(a)(4). (*Id.* ¶¶s 51-66).

This matter is before the Court for resolution of two issues. The first issue is Plaintiff's Notice of Voluntary Dismissal (ECF No. 36), filed November 15, 2021. The Notice requests the

dismissal, under Fed.R.Civ.P. 41(a)(2), of a single defendant, Experian Information Solutions, Inc., with prejudice, from the case.

Federal Rule of Civil Procedure 41(a), provides the terms on which a plaintiff can voluntarily dismiss an action. Fed. R. Civ. P. 41(a). The Seventh Circuit has conveyed that Rule 41(a) should be used only for dismissing an entire action rather than for dismissing individual parties or piecemeal claims. *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) ("Although some courts have held otherwise, we've said that Rule 41(a) does not speak of dismissing one claim in a suit; it speaks of dismissing an action—which is to say, the whole case.") (first quoting *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001); then citing *Nelson v. Napolitano*, 657 F.3d 586, 588 (7th Cir. 2011)).

According to the Seventh Circuit then, Rule 41(a) is not the proper vehicle for dropping individual parties or claims. *See Taylor,* 787 F.3d at 858 n.9. ("The parties indicated that it's common practice in some district courts in this circuit to allow the voluntary dismissal of individual claims under Rule 41(a). If that is true, we remind judges to use Rule 15(a) instead.").

Under normal circumstances, the Court would simply grant leave for Plaintiff to amend his Complaint to remove Experian Information Solutions and move on with the remaining defendants. But this case is different. Before the Notice was filed, Defendant Credit Acceptance Corp. (CAC) moved to dismiss and/or compel arbitration (ECF No. 27), which is fully briefed and ripe for consideration. The Court preliminarily reviewed CAC's motion and finds that Grigg's request for voluntary dismissal must be denied. Leave to amend must also be denied because further amendment at this time may be futile given the issues raised in part by CAC's Motion. Indeed, upon the Court's review, there is a potential issue affecting this Court's jurisdiction as well as

2

issues of *res judicata* that have not been properly presented procedurally to the Court or briefed by the parties.

In CAC's reply brief (ECF No. 33), it raises the affirmative defense of res judicata[1] based on a judgment obtained by CAC from the Kosciusko County Superior in *Credit Acceptance Corp. v. James Griggs, Jr.,* 43D03-1704-CC-0395, relating to the same installment contract at issue and establishing the validity of the debt reported on Griggs, Jr.'s credit report by the Defendants. This revelation creates two procedural issues. First, an affirmative defense is generally not the basis for a motion to dismiss, unless the allegations of the complaint suffice to establish the affirmative defense. *See Jones v. Bock,* 549 U.S. 199, 215 (2007); *see also Muhammad v. Oliver,* 547 F.3d 874, 878 (7th Cir.2008). The Amended Complaint does not mention the prior lawsuit against Griggs, Jr. and thus the allegations of the complaint do not establish the affirmative defense of res judicata. In essence, Griggs, Jr. has not pled himself out of court by pleading the existence of the affirmative defense. *Tamayo v. Blagojevich,* 526 F.2d 1074, 1086 (7th Cir. 2008) (the court can grant a motion to dismiss based on an affirmative defense only if the plaintiff itself pleads facts that prove an 'impenetrable defense' to its claims). As a result, a motion to dismiss is not the proper procedural vehicle for CAC to raise this defense.

Second, the Amended Complaint seeks, among other damages, equitable relief, "including the correction of the credit report errors." (Am. Compl. ¶75(g)). This request seems to ask this

---

[1] There are two types of preclusion. The doctrine of collateral estoppel or issue preclusion bars the relitigation of issues decided in a prior proceeding involving the same parties. Res judicata, also known as claim preclusion, operates to preclude litigation regarding matters which have already been litigated and is designed to ensure the finality of judicial decisions. *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589 (7th Cir. 1986). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

Court to review and overturn the judgment entered by the state court on the debt in this case. Only the Supreme Court of the United States may review the judgment of a state court in civil litigation. Claims that directly seek to set aside a state-court judgment are de facto appeals and trigger the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016). Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (first citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); then citing *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008)). The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced. *Exxon Mobil Corp.*, 544 U.S. at 284. The *Rooker-Feldman* doctrine is jurisdictional, and thus it may be raised at any time by the court. *See 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527 (7th Cir. 2000).

Given the above issues, the Court DENIES CAC's Motion to Dismiss and Compel Arbitration[2] (ECF No. 27). The Court sua sponte orders the parties to file jurisdictional briefs addressing whether this Court has jurisdiction given the *Rooker-Feldman* doctrine. Plaintiff is granted until November 30, 2021, to file an opening brief. Defendants are to respond by December 14, 2021 and Plaintiff may reply by December 21, 2021. If the Court finds that it has jurisdiction,

---

[2] The Motion to Compel Arbitration may be moot given the state court judgment obtained relating to the installment agreement. CAC asserts the Plaintiff agreed to arbitrate all issues relating to the installment agreement and the debt. But if the state court judgment stands, the sole issue before the Court in this suit is whether the debt was properly reported by the Defendants – an issue that at first glance seems to be outside the scope of the arbitration provision. Regardless, if this Court lacks jurisdiction over the case, it would likewise lack jurisdiction to compel the parties to arbitrate.

CAC will have the right to renew its res judicata argument in a motion for summary judgment under Fed.R.Civ.P. 56.

## CONCLUSION

For the reasons stated above, the Notice of Voluntary Dismissal seeking dismissal of Experian Information Systems is DENIED (ECF No. 36). The issue of amending the complaint will be addressed after the jurisdictional issues have been briefed and decided by the Court. CAC's Motion to Dismiss and Compel Arbitration is DENIED (ECF No. 27). The parties are directed to file jurisdictional briefs as stated in this Opinion and Order.

SO ORDERED on November 17, 2021.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT